# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RICHARD G. KIRBY,

      Petitioner,

vs.                                                                No. CIV 08-0887 JB/DJS

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed November 4, 2010 (Doc. 46)("PFRD"); and (ii) Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, and Request for Leave to Expand the Record, filed November 18, 2010 (Doc. 47)("Objections"). The primary issues are: (i) whether the Court should sustain Petitioner pro se Richard G. Kirby's objections; (ii) whether the Court should allow Kirby to expand the record; (iii) whether the Court should adopt the Magistrate Judge's Proposed Findings and Recommended Disposition; (iv) whether the Court should grant Kirby's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed September 29, 2008 (Doc. 1)("Petition"); and (v) whether the Court should grant Kirby's Petition for Coram Nobis, filed December 28, 2009 (Doc. 33). After conducting a de novo review of the Honorable Donald J. Svet, United States Magistrate Judge's report, the Objections, the record, and the relevant legal authorities, the Court adopts the Magistrate Judge's Proposed Findings and Recommended Disposition, and denies Kirby's petitions.

## PROCEDURAL BACKGROUND

Kirby brought this habeas action under 28 U.S.C. § 2254, attacking his 2004 New Mexico state-court fraud conviction and subsequent habitual-offender sentence enhancement. The Court referred the matter to Magistrate Judge Svet. See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals and Prisoner Cases, filed October 6, 2008 (Doc. 5). On November 4, 2010, Magistrate Judge Svet issued the Magistrate Judge's Proposed Findings and Recommended Disposition, recommending that Kirby's challenges to the fraud conviction be dismissed with prejudice Kirby's challenges to the sentence enhancement be dismissed without prejudice.

The record indicates that a state jury convicted Kirby of fraud in an amount over $250.00 on January 23, 2004. New Mexico v. Kirby, No. 24,845, slip op. at 1 (N.M. Ct. App. May 10, 2005), filed September 29, 2008 (Doc. 1-1). The conviction was based on evidence that Kirby hired Loren Collett to design a website for him, and then failed to pay Collett. See id. Kirby was sentenced to eighteen months' incarceration. See Order on Defendant's Petition to Modify, Reduce or Vacate Conviction and Sentence to Meet Constitutional and Statutorial Requirements and Judicial Notice, New Mexico v. Kirby, No. CR2002-145, slip op. at 1 (N.M. D. Ct. Dec. 3, 2007), filed September 29, 2008 (Doc. 1-2). The state trial-court judge subsequently concluded Kirby was an habitual offender and, in accordance with NMSA 1978, § 31-18-17B, added four years to his sentence, resulting in a total sentence of five and one-half years. See Judgment, Sentence and Commitment, New Mexico v. Kirby, No. CR2002-145, slip op. at 7–12 (N.M. D. Ct. Dec. 3, 2007), filed February 4, 2009 (Doc. 16-1). Kirby appealed the conviction and the sentence enhancement in numerous state appellate and state habeas proceedings. Ultimately, both the conviction and the sentence enhancement were affirmed. As of August 19, 2010, Kirby had completely discharged the original and enhanced sentences and his period of parole. See Respondents' Notice Re: Petitioner's

Complete Discharge from Challenged Conviction and Sentence and Suggestion of Mootness, filed August 20, 2010 (Doc. 38).

In this federal habeas action, Kirby's ten challenges to the fraud conviction are contained in his original Petition.  The challenges to the sentence enhancement are contained in a subsequent pleading Kirby designated a "Petition for Coram Nobis."

Magistrate Judge Svet concluded the attacks on the sentence enhancement had been rendered moot by Kirby's completion of the sentence, and he therefore recommended the challenges contained in the "Petition for Coram Nobis" be dismissed without prejudice for lack of jurisdiction. Magistrate Judge Svet also concluded the completion of the sentence did not render moot the underlying conviction, however, and he proceeded to consider on the merits of the challenges contained in the original petition.  He found that none of the challenges has merit and recommended the original petition be dismissed with prejudice.

Kirby filed timely Objections.  He objects to the Magistrate Judge Svet's recommended dismissal of the sentence enhancement challenges as moot.  With regard to the fraud-conviction challenges, Kirby objects to the Magistrate Judge Svet's analysis as to challenges 1, 2, 3, 4, 8, 9, and 10; Kirby waives objection as to challenges 5, 6, and 7.  He also requests leave to expand the record. See Objections at 3-13.

## STANDARD FOR DISTRICT COURT'S REVIEW OF MAGISTRATE JUDGE'S PROPOSED ORDER

The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made."  28 U.S.C. § 636(b)(1).  "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court . . . ."  United States v. One Parcel of Real

Property, 73 F.3d 1057, 1060 (10th Cir. 1996).  "Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a clearly erroneous or contrary to law standard of review."  Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006)(citing 28 U.S.C. § 636(b)(1)(A)).

<u>**ANALYSIS**</u>

The Court overrules Kirby's objections.  The Court also denies Kirby's request to expand the record.  Finally, the Court adopts Magistrate Judge Svet's PFRD, dismissing Kirby's Petition with prejudice and dismissing his Petition for Coram Nobis without prejudice.

**I.    THE COURT OVERRULES KIRBY'S OBJECTION TO THE RECOMMENDED DISMISSAL OF SENTENCE-ENHANCEMENT CHALLENGES.**

The Supreme Court of the United States has held the collateral consequences that flow from a criminal conviction survive a defendant's completion of his or her sentence, and are sufficient to save a habeas petition from mootness.  See Carafas v. LaVallee, 391 U.S. 234, 237–38 (1968); Oyler v. Allenbrand, 23 F.3d 292, 294 (10th Cir. 1994)(holding that habeas petition was not moot despite completion of probation, because possible collateral consequences could flow from misdemeanor conviction).  Magistrate Judge Svet concluded that, after completion of the sentence, Kirby's sentence-enhancement challenges are not entitled to the presumption of collateral consequences that applies to convictions.  Kirby failed to prove, or even allege, collateral consequences of the completed sentence, and Judge Svet therefore concluded the challenges had been rendered moot.  Kirby objects that Magistrate Judge Svet "misreads the claim" and that the challenge is based on the state court's alleged lack of jurisdiction to enter an enhanced sentence.  Objections at 13.

Magistrate Judge Svet did not misread the challenge.  Magistrate Judge Svet did not consider the challenge, having determined it was without jurisdiction to reach the merits of a challenge that

-4-

is moot.  Kirby v. Janecka, 379 F. App'x 781, 784 (10th Cir. 2010)("Kirby's third claim is moot because it challenges only the state court's enhancement of his already-completed sentence, and Kirby has failed to show any continuing collateral consequences stemming from that enhancement."); Lucero v. McKune, 340 F. App'x 442, 444 (10th Cir. 2009)(finding moot the petitioner's mere allegation that his already-completed sentences were unlawfully enhanced).  See also Lane v. Williams, 455 U.S. 624, 631–32 (1982)(holding that the presumption of collateral consequences that applies to criminal conviction is inapplicable to a finding that an individual has violated parole); North Carolina v. Rice, 404 U.S. 244, 246 (1971)("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions . . . ." (citation and internal quotation marks omitted)).  It is true that there might be collateral consequences that follow from the enhancement and such consequences might make his claim not moot, but Kirby bears the burden of showing collateral consequences in the context of a sentence enhancement, and he has not done so.  See Kirby v. Janecka, 379 F. App'x at 784.  The objection is overruled.

## II.   THE COURT OVERRULES KIRBY'S OBJECTION TO THE RECOMMENDED DISMISSAL OF HIS FAIR-WARNING CHALLENGE.

Kirby attacks his state-court fraud conviction on the grounds that he "was convicted of a new and novel principle of law in violation of due process that neither the statute nor any prior judicial decision has fairly disclosed to be within the statute's scope."  Petition at 4.  The "novel principle," according to Kirby, is the principle that the designer of web pages may be found to be the owner of the website on which they are displayed.

Kirby was convicted of obtaining a website by fraud, specifically that he made a promise to website designer Loren Collett that he had no intention of keeping, intending to deceive or cheat

Collett, and that because of the promise and Collett's reliance on it, Kirby thereby obtained a website belonging to someone else.  New Mexico v. Kirby, No. 24,845, slip op. at 2.  Ownership of the website was an issue in Kirby's various appeals.  Kirby argued that he owned the website and therefore could not be convicted of fraud, which requires the defendant to obtain something that belongs to someone else.

The Court of Appeals of New Mexico rejected the argument, as did the Supreme Court of New Mexico.  In a published opinion, the Supreme Court of New Mexico held that, "in most circumstances, unless expressly agreed otherwise, [the owner of the website] is the creator of the web pages that are displayed on such sites."  State v. Kirby, 141 N.M. 838, 839, 161 P.3d 883, 884 (2007).  Because Collett created the web pages, the elements of fraud were satisfied, and the conviction was upheld.  See State v. Kirby, 141 N.M. at 844, 161 P.3d at 889.

Kirby contends the Supreme Court of New Mexico's ruling violates the "fair warning" doctrine.  The fair warning doctrine holds that "an unforeseeable and retroactive judicial expansion of narrow and precise statutory language" violates a criminal defendant's due process rights.  Bouie v. City of Columbia, 378 U.S. 347, 350–51 (1964).

Magistrate Judge Svet concluded that Kirby's fair-warning argument is without merit because: (i) the Supreme Court of New Mexico did not interpret a criminal statute, nor did it expand the scope of criminal liability;[1] and (ii) the holding was foreseeable in light of previous opinions.

---

[1] The Supreme Court of New Mexico based its decision on its interpretation of copyright law, and on the contract between Kirby and Collett.  The Supreme Court of New Mexico granted certiorari to consider the question "who is the owner of the website under these circumstances, the website designer or the person who hires the designer and for whom the website is developed." State v. Kirby, 141 N.M. at 840, 161 P.3d at 885.  After considering principles of copyright law and the contract between Kirby and Collett "in the unfamiliar context of the internet," the Supreme Court of New Mexico held that, "in most circumstances, unless expressly agreed otherwise, it is the creator of the web pages that are displayed on such sites."  State v. Kirby, 141 N.M. at 839-40, 161 P.3d at

Kirby objects on the grounds that Magistrate Judge Svet did not cite to any case that distinguishes between ownership of a website and ownership of webpages, or a case with fundamentally similar conduct. <u>See</u> Objections at 5. He argues that, unless the Court can point to "a prior judicial decision . . . clearly establishing Petitioner's conduct was fairly disclosed to be within the scope of the statute charged[,] the conviction is contrary to and an unreasonable application of clearly

---

884-85. The Supreme Court of New Mexico explained that, based on the contract between Kirby and Collett, the website was Collett's property until Kirby paid Collett:

> {8} We first turn our attention to the legal document governing the agreement between Collett and Defendant, the "Website Design Contract." According to that contract, Collett was engaged "for the specific project of developing and/or improving a World Wide Website to be installed on the client's web space on a web hosting service's computer." Thus, the end product of Collett's work was the website, and the client, Defendant, owned the web space. Defendant was to "select a web hosting service" which would allow Collett access to the website. Collett was to develop the website from content supplied by Defendant.

> {9} While the contract did not explicitly state who owned the website, it did specify ownership of the copyright to the web pages. "Copyright to the finished assembled work of web pages" was owned by Collett, and upon final payment Defendant would be "assigned rights to use as a website the design, graphics, and text contained in the finished assembled website." Collett reserved the right to remove web pages from the Internet until final payment was made. Thus, the contract makes clear that Collett was, and would remain, the owner of the copyright to the web pages making up the website. Upon payment, Defendant would receive a kind of license to use the website.

<u>State v. Kirby</u>, 141 N.M. at 841, 161 P.3d at 886. While it is unnecessary for the Court to fully agree with all of the Supreme Court of New Mexico's analysis to deny Kirby's petition, the Court at least finds sound -- and hardly unforeseeable -- the Supreme Court of New Mexico's reasoning that the web pages are the essence of a website. "While a domain name, service provider, and password are all necessary components of a website, none of them rises to the importance of the web pages that provide content to the website." <u>State v. Kirby</u>, 141 N.M. at 842, 161 P.3d at 887. Analogizing to a commissioned work of art displayed in an office, although the person commissioning the work might pay the rent for the office wall on which the art is displayed, and the security to protect the work, paying rent and providing security do not make the commissioner the owner of the art. The Supreme Court of New Mexico's decision is at a minimum rationally reasoned and foreseeable.

-7-

established federal law . . . ."  Objections at 6.

Kirby's argument confuses the standard applicable to a due-process fair-warning challenge with the standard for qualified immunity of government officials.  A novel judicial construction alone does not establish a fair-warning claim.  The essential inquiry is whether the construction was foreseeable.  See Hawkins v. Mullin, 291 F.3d 658, 664-65 (10th Cir. 2002).  Thus, there is no need to locate a published decision with "fundamentally similar facts" as Kirby contends.[2]  Magistrate Judge Svet stated that, although the Supreme Court of New Mexico's opinion addressed a "novel area of law," it did nothing more than apply familiar legal principles, stating that there was sufficient evidence to conclude that Collett was the owner of the website in light of his contract with Kirby, general copyright principles, and internet law.  Magistrate Judge Svet properly applied the correct standard.  The objection therefore is overruled.

## III.    THE COURT OVERRULES KIRBY'S OBJECTION TO THE RECOMMENDED DISMISSAL OF HIS VAGUENESS CHALLENGE.

In a related due-process challenge, Kirby argues that New Mexico's fraud statute, NMSA

----

[2]  Moreover, the Supreme Court of New Mexico relied on factually similar cases. Acknowledging that "we have not been referred to, nor have we located, any case law that tries to distinguish between ownership of a website and ownership of the web pages that comprise the website," the Supreme Court of New Mexico reviewed several cases "involv[ing] disputes between web designers and the persons hiring the web designers," which were "not dissimilar from the dispute between Collett and Defendant."  State v. Kirby, 141 N.M. at 842, 161 P.3d at 887.  "Those opinions appl[ied] general copyright and contract principles to determine ownership of the copyright to the web pages, and then appear to assume, without much discussion, that ownership of the website follows from ownership of the copyright, unless otherwise agreed."  State v. Kirby, 141 N.M. at 842-43, 161 P.3d at 887-88 (citing Janes v. Watson, No. SA-05-CA-0473-XR, 2006 WL 2322820, at *9 (W.D.Tex. Aug. 2, 2006)(treating ownership of web pages as being fungible with ownership of the website); Holtzbrinck Publishing Holdings, L.P. v. Vyne Communications, Inc., No. 97 CIV. 1082(KTD), 2000 WL 502860, at *1-3, *9 (S.D.N.Y. Apr. 26, 2000)("[The designer] created the custom-written software for the [hiring party] Website, and . . . [the designer] is in the first instance the owner of the copyright . . . .  Therefore, to the extent that [the designer] owned any preliminary copyright in the Website, the copyright was never transferred to [the hiring party] . . . .").

1978, § 30-16-6A, is vague as applied to him, because neither the statute nor any prior judicial decision provides fair warning that the ownership of the copyright is equivalent to ownership of the website.  See Petition at 8.  Magistrate Judge Svet rejected this challenge.  Applying the standard set forth in Maynard v. Cartwright, 486 U.S. 356 (1988), Magistrate Judge Svet concluded that a person of ordinary intelligence would understand that the designer of web pages has an ownership interest in the website on which the pages are displayed.  See PFRD at 14.

Kirby objects on the grounds that the statute is vague unless a "prior decision by a competent authority" discloses that his conduct was criminal.  Objections at 7.  Again, Kirby mistakenly invokes the standard for qualified immunity.  Magistrate Judge Svet correctly applied the proper standard.  The objection therefore is overruled.

## IV.   THE COURT OVERRULES KIRBY'S OBJECTION TO THE RECOMMENDED DISMISSAL OF HIS SUBJECT-MATTER JURISDICTION CHALLENGE.

Kirby challenges the state court's "subject matter jurisdiction."  He contends that New Mexico was without authority to prosecute him, because the server for the website is located in Massachusetts.  See Petition at 9.  Magistrate Judge Svet rejected this challenge, concluding that the crime apparently occurred in New Mexico.  Magistrate Judge Svet also noted that the challenge does not appear to be a cognizable constitutional challenge and that, in any event, there is no clearly established federal law prohibiting states from prosecuting crimes that occur partly outside their borders.  See PFRD at 15-16.

Kirby objects on the grounds that the cases cited by Magistrate Judge Svet were "way before the days of internet law."  Objections at 9.  According to Kirby, the conduct of conviction was changing the website's password thereby blocking Collett from accessing it.  See Objections at 7.  Kirby is mistaken.  The conduct of conviction was not changing a password.  The conduct of

conviction was inducing Collett to turn over a website design by making a fraudulent promise to pay for the design.  See New Mexico v. Kirby, No. 24,845, slip op. at 2.  Magistrate Judge Svet correctly concluded that the location of the server that hosted the website is irrelevant given that the fraudulent acts occurred in New Mexico.  Kirby's objection, which refers to "purposeful availment" and the difference between interactive and passive websites, invokes the standard for personal jurisdiction, which is not applicable here.  The objection is overruled.

## V.   THE COURT OVERRULES KIRBY'S OBJECTION TO THE RECOMMENDED DISMISSAL OF HIS CHALLENGE TO THE SUFFICIENCY OF THE EVIDENCE AS TO THE OWNERSHIP OF THE WEBSITE.

Kirby contends that there was no evidence that someone other than Kirby himself owned the website.  See Petition at 11.  Magistrate Judge Svet rejected this challenge, noting that evidence of ownership was presented, including the contract between Kirby and Collett, and evidence that Collett owned the computer programming that made the web pages viewable.  See PFRD at 17.

Kirby objects on the grounds that Collett testified Kirby was the owner of the website.  See Objections at 9.  According to Kirby, the Court of Appeals of New Mexico "did not have the authority to usurp Collett's testimony that Kirby owned the website," and it should have issued an "order of acquittal."  Objections at 10.

The standard applicable to a sufficiency of the evidence attack on habeas review is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979)(emphasis in original).  Given the evidence of ownership, including the contract between Collett and Kirby, a rational jury could have found that ownership of the website did not vest in Kirby if he failed to pay for the designs, despite Collett's testimony to the contrary.  The objection is overruled.

## VI.   THE COURT OVERRULES KIRBY'S OBJECTION TO THE RECOMMENDED

-10-

**DISMISSAL OF HIS CHALLENGE TO THE TRIAL COURT'S LIMITS ON HIS WITNESSES' TESTIMONY.**

Kirby contends that the trial court unfairly limited two defense witnesses' testimony. Magistrate Judge Svet rejected this challenge, because the "limitations" of which the witnesses complained were the usual interruptions, objections, bench conferences, and limitations imposed on cross-examination, and there was no indication the trial was fundamentally unfair as a result. See PFRD at 21.

Kirby's objection to Magistrate Judge Svet's conclusion relies on First Amendment law. See Objections at 10-11. He contends that the witnesses' testimony was "chilled" in violation of their free-speech rights. Objections at 10-11. The rules of evidence may limit what is and is not said in a trial, but the courts' compelling interest in the just and efficient administration of the proceedings before them justify the restrictions on admissible testimony, which the rules narrowly tailor. See Harrison v. City of Greenfield, Ind., No. IP 89-996-C, 1991 WL 353301, at *4 (S.D. Ind . July 3, 1991)("[B]ecause Harrison's right to speak on the safety issue was not prohibited, but just postponed, his First Amendment rights were not violated by excluding the evidence."). Cf. United States v. Curtin, 489 F.3d 935, 955 (9th Cir. 2007)("[I]f news reporters, newspapers, and television networks have no First Amendment privilege to withhold otherwise relevant evidence from the courts, . . . we do not believe that [the defendant] . . . can use the First Amendment or any other constitutional principle to exclude relevant evidence from the reach of Rule 401 or 404(b) . . . ."). The state court did not prohibit the witnesses from ever saying what they wanted; the state court only restricted what they could say in a jury proceeding. See Harrison v. City of Greenfield, Ind., No. IP 89-996-C, 1991 WL 353301, at *4. The Court overrules Kirby's objection.

**VII.   THE COURT OVERRULES KIRBY'S OBJECTION TO THE RECOMMENDED DISMISSAL OF HIS CHALLENGE TO THE SUFFICIENCY OF THE EVIDENCE AS TO THE VALUE OF THE WEBSITE.**

Kirby contends that there was no evidence presented as to the value of the website.[3]  <u>See</u> Petition at 18.  Applying the standard set forth in <u>Jackson v. Virginia</u>, Magistrate Judge Svet rejected this argument, noting evidence of value was presented, including evidence of the amount Kirby agreed to pay Collett.  <u>See</u> PFRD at 22.  Kirby objects that, although his "sufficiency of the evidence claim was analyzed under the <u>Jackson</u> framework by the Magistrate Judge, it is more properly viewed as presenting a Due Process Clause violation."  Objections at 11.  He argues that Magistrate Judge Svet should have been resolved his challenge by determining whether the "error" had a "substantial and injurious effect or influence  in determining the jury's verdict."  Objection at 12. The objection is overruled.  A sufficiency of the evidence challenge is a due-process challenge and it is properly analyzed under the <u>Jackson v. Virginia</u> standard.  <u>Jackson v. Virginia</u>, 443 U.S. at 314.

**VIII.   THE COURT OVERRULES KIRBY'S OBJECTION TO THE RECOMMENDED DISMISSAL OF HIS CHALLENGE THAT FRAUD CANNOT BE BASED ON UNFULFILLED PROMISES.**

Kirby argues that a conviction for fraud cannot be based on unfulfilled promises or statements as to future events.  <u>See</u> Petition at 19.  The Court of Appeals of New Mexico considered this argument and did not agree.  It noted that, although the general rule may be that fraud cannot be based on unfulfilled promises or statements of future events, under New Mexico law, there are several exceptions and that Kirby's case qualifies for one of the exceptions.  <u>New Mexico v. Kirby</u>, No. 24,845, slip op. at 3-4.

---

[3] To qualify as a fourth-degree felony under the version of the statute in effect at the time, the value of the property appropriated must have been over $250.00.  NMSA 1978, § 30-16-6 (1963) (amended 2006).

-12-

Magistrate Judge Svet also rejected the challenge, concluding that the issue was a matter of state law, and not reviewable on habeas.  See PFRD at 23.  Kirby objects that Magistrate Judge Svet's reasoning is contrary to In re Stauffer, No. UT-07-045, Bankr. No. 04-22407, Adv. No. 04-02573, 2008 WL 2247088 (B.A.P. 10th Cir. June 3, 2008).  See Objections at 13.  In re Stauffer is an unpublished opinion that the United States Court of Appeals for the Tenth Circuit's Bankruptcy Appellate Panel issued, in which the Panel set forth the standard for which certain debts, fraudulently obtained, are not dischargeable under the Bankruptcy Code.  In re Stauffer, 2008 WL 2247088, *4.  In re Stauffer has no application to Kirby's case.

Defining the elements of a crime is a matter of state law.  See Jackson v. Virginia, 443 U.S. at 324 n.16.  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."  Bowser v. Bogs, 20 F.3d 1060, 1065 (10th Cir. 1994) (quoting Estelle v. McQuire, 502 U.S. 61 (1991)).  In ruling on Kirby's appeal, the Court of Appeals of New Mexico determined that there are several exceptions to the rule that an action for fraud will not lie as to promises that future events will take place; these exceptions include situations "where the promises are based on contrary facts peculiarly within the promisor's knowledge, where the promise is based on a concealment of known facts, or if the promise is part of an overall pattern designed to lead a party to act to his or her detriment."  New Mexico v. Kirby, No. 24,845, slip op. at 3.  Kirby appears to acknowledge that placing relevance on the promisor' intent at the time the promise was made is consistent with the Restatement (Second) of Torts.  See Objections at 12.  The objection is overruled.

## IX.     THE COURT DENIES KIRBY'S REQUEST TO EXPAND THE RECORD.

Kirby requests leave to expand the record for the ostensible purpose of correcting alleged factual errors upon which he contends the Supreme Court of New Mexico and Magistrate Judge Svet

relied.  He wishes to correct the record to reflect that he did not "exclude" Collett from the website by changing the password, but rather he merely restored or reset the password back to the original password from which Collett had changed it.  <u>See</u> Objections at 1-3.

The Court denies Kirby's request to expand the record.  Kirby was not convicted of changing a password; he was convicted of fraudulently obtaining a website by making false promises to pay.  Whether Kirby established a new password or restored the previous password is immaterial.

**IT IS ORDERED** that (i) Petitioner pro se Richard G. Kirby's objections are overruled; (ii) that the request to expand the record is denied; (iii) that the proposed findings and recommended disposition of the United States Magistrate Judge are adopted by the Court; (iv) that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed September 29, 2008 (Doc. 1) is dismissed with prejudice; and (v) that the Petition for Coram Nobis, filed December 28, 2009 (Doc. 33), is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Richard G Kirby
Tijeras, New Mexico

     *Plaintiff pro se*

Gary King
  Attorney General for the State of New Mexico
Margaret E. McLean
  Assistant Attorney General
Santa Fe, New Mexico

     *Attorneys for the Defendants*

-14-