IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD G. KIRBY,

    Petitioner,

vs.                                                                                                                 No. CIV 08-0887 JB/DJS

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Petitioner's Motion to Alter or Amend this Court's Judgment or in the Alternative Motion to Reconsider, filed January 24, 2011 (Doc. 51)("Motion to Alter"). The motion invokes rule 59(e) of the Federal Rules of Civil Procedure, and asks the Court to alter or to amend the Final Judgment that the Court entered on December 30, 2010 (Doc. 49), which dismissed Petitioner Richard G. Kirby's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. The Court will dismiss the motion for lack of jurisdiction.

    A motion that purports to be a rule 59(e) or rule 60(b) motion may be a second or successive habeas petition. See Spitznas v. Boone, 464 F.3d 1213, 1216-17 (10th Cir. 2006)(directing district courts to determine whether rule 60(b) motion should be characterized as a second or successive petition). See also United States v. Pedraza, 466 F.3d 932, 933 (10th Cir. 2006)(holding that rule 59(e) motions are subject to the same characterization).

> Under Gonzales [v. Crosby, 545 U.S. 524 (2005)], a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination or (2) challenges a defect in the integrity of the federal habeas proceeding,

>provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

Spitznas v. Boone, 464 F.3d at 1215–16 (citations omitted).

The Court does not have jurisdiction over second or successive petitions unless the appropriate court of appeals certifies the petition. United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006). The Court's first task, therefore, is to consider each of the issues raised in Petitioner's motion to determine whether it is a "true" rule 59(e) motion, or whether it is more accurately characterized as a second or successive petition. See Spitznas v. Boone, 464 F.3d at 1224. "If . . . the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the United States Court of Appeals for the Tenth Circuit] for authorization under § 2244(b)(3)." Spitznas v. Boone, 464 F.3d at 1217 (citing 28 U.S.C. § 1631 (authorizing transfer of civil action or appeal filed without jurisdiction, in the interest of justice, "to any other court in which the action or appeal could have been brought at the time it was filed or noticed")).

Kirby states that the Court "has misapprehended the facts and failed to apply the controlling law to the true facts." Motion to Alter at 1. Kirby proceeds to find fault with the Court's reasoning and its disposition of the merits of some of his claims. Specifically, he revisits the following issues: (i) the sufficiency of the evidence to support the state courts' determinations that someone other than Kirby owned the website he was convicted of fraudulently obtaining; (ii) whether any prior judicial decision disclosed that his conduct was within the scope of New Mexico's fraud statute; (iii) whether the location of the server was relevant to the state court's jurisdiction over the underlying criminal matter; (iv) whether there was any evidence of the value of the website; and (v) whether fraud can be based on unfulfilled promises. These are claims against the underlying state criminal

conviction, and the Court has previously disposed of them on the merits. See Memorandum Opinion and Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 30, 2010 (Doc. 48).

Kirby also contends that the Court should reconsider its denial of his request to expand the record. Although this argument appears to challenge a procedural ruling, it is in substance a merits-based attack. Kirby argues that, by denying him leave to expand the record, the Court deprived him of the opportunity to present certification from the internet service provider that he owned the website at issue in the underlying criminal proceedings. The sufficiency of the evidence that someone other than Kirby owned the website is an issue the Court has already addressed on the merits. The Court's denial of his request to expand the record did not preclude a merits determination of this issue. The argument therefore does not constitute a "true" Rule 59(e) motion.

Kirby's motion constitutes a second or successive petition under the standards set forth in Spitznas v. Boone. The Court does not have jurisdiction even to deny relief and will dismiss the motion for lack of jurisdiction.

**IT IS ORDERED** that the Petitioner's Motion to Alter or Amend this Court's Judgment or in the Alternative Motion to Reconsider, filed January 24, 2011 (Doc. 51), is dismissed for lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Richard G. Kirby
Tijeras, New Mexico

    *Plaintiff pro s*e

Gary K. King
  Attorney General of the State of New Mexico
Margaret E. McLean
  Assistant Attorney General
Santa Fe, New Mexico

    *Attorneys for the Defendant*